# EXHIBIT 1

**Randal L. Schmidt, Esquire (P65901)**
Randal L. Schmidt, PLC
340 N. Main Street, Suite 309
Plymouth, MI  48170

Tel:    734-455-4560

**Scott M. Hare, Esquire (P52081)**
Law Office of Scott M. Hare
1806 Frick Building
437 Grant Street
Pittsburgh, PA  15219

Tel:    412-338-8632

### STATE OF MICHIGAN
### IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

**BRAD J. BUSHMAN** and **TAMARA R. STAFFORD,** Husband and Wife,

**RYAN WALSH** and **SARAH WALSH,** Husband and Wife,

**TOBY JACOBONI,** and

**MICHAEL P. JENNINGS** and **JENNIFER F. JENNINGS,** Husband and Wife,

on their own behalf and on behalf of all others similarly situated,

     Plaintiffs,

     v.

**R. KEVIN CLINTON, STATE TREASURER, THE STATE OF MICHIGAN, DEPARTMENT OF TREASURY,** in his official capacity,

and

***TITLE COMPANY DEFENDANTS***

**COMMONWEALTH LAND TITLE INSURANCE COMPANY,**

**FIDELITY NATIONAL TITLE INSURANCE COMPANY,**

**FIRST AMERICAN TITLE INSURANCE COMPANY,**

**INVESTORS TITLE INSURANCE COMPANY,**

**NORTH AMERICAN TITLE INSURANCE COMPANY,**

No. 13-1139-CZ

Carol Kuhnke

**Rule 2.113(C)(2) Statement:**

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

RECEIVED

NOV 2 1 2013

Washtenaw County
Clerk/Register

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY,

STEWART TITLE GUARANTY COMPANY,

TITLE SOURCE, INC.

and

WFG NATIONAL TITLE INSURANCE
COMPANY,

and

*TITLE AGENCY DEFENDANTS*

AMERICAN TITLE COMPANY OF
WASHTENAW,

ATTORNEYS TITLE AGENCY, LLC,

CAPITAL TITLE INSURANCE AGENCY,

FIRST SECURITY TITLE, INC.,

MICHIGAN TITLE INSURANCE AGENCY,

MINNESOTA TITLE AGENCY

and

JOHN DOE DEFENDANTS 1 THROUGH 100,

Defendants.

## VERIFIED CLASS ACTION COMPLAINT, MOTION FOR CLASS CERTIFICATION AND JURY DEMAND

Plaintiffs Brad J. Bushman and Tamara R. Stafford, husband and wife, Ryan Walsh and Sarah Walsh, husband and wife, Toby Jacoboni and Michael P. Jennings and Jennifer F. Jennings, husband and wife, by their undersigned counsel, file this Class Action Complaint and Jury Demand on their own behalf and on behalf of all others who are similarly situated, and move this Court to certify a Plaintiff class as defined herein, stating as follows:

### *Nature of the Action*

1.     This is a state class action lawsuit brought by and on behalf of all Michigan property owners or former property owners who were improperly assessed and made to pay real estate transfer taxes despite being exempt from any such transfer tax obligation under MCL 207.526(u).  Plaintiffs seek to recover, for themselves and all others similarly situated, all taxes improperly assessed, collected and/or paid, together with all other recoverable damages resulting from Defendants' improper imposition and collection of such taxes.

### *Parties*

2.     Plaintiffs Brad J. Bushman and Tamara R. Stafford, husband and wife, are adult individuals residing or formerly residing in Washtenaw County, Michigan.  At all relevant times, Bushman and Stafford were Michigan residents who owned and occupied real property as their principal residence, as to which real property they duly claimed the Homestead Exemption/Principal Residence Exemption codified at MCL 211.7cc.  Bushman and Stafford conveyed ownership of their Principal Residence by written Warranty Deed on June 30, 2010, at which time the state equalized valuation of that property ($202,500) was equal to or lesser than the state equalized valuation on the date of their purchase or acquisition of that same interest in property ($212,800).  As such, the conveyance was fully exempt from any state real estate transfer tax liability pursuant to MCL 207.526(u).  Despite this statutory exemption, Bushman and Stafford were assessed and charged, and paid, state real estate transfer taxes in the amount of $2902.50 in

connection with the conveyance of such Principal Residence. A true and correct copy of the Warranty Deed evidencing such payment is attached as Exhibit A.

3.    Plaintiffs Ryan Walsh and Sarah Walsh, husband and wife, are adult individuals residing or formerly residing in Wayne County, Michigan. At all relevant times, the Walsh Plaintiffs were Michigan residents who owned and occupied real property as their principal residence, as to which real property they duly claimed the Homestead Exemption/Principal Residence Exemption codified at MCL 211.7cc. The Walsh Plaintiffs conveyed ownership of their Principal Residence by written instrument on or about January 26, 2010, at which time the state equalized valuation of that property ($98,000) was equal to or lesser than the state equalized valuation on the date of their purchase or acquisition of that same interest in property ($119,130). As such, the conveyance was fully exempt from any state real estate transfer tax liability pursuant to MCL 207.526(u). Despite this statutory exemption, the Walsh Plaintiffs were assessed and charged, and paid, state real estate transfer taxes in the amount of $1470 in connection with the conveyance of such Principal Residence. A true and correct copy of the HUD-1 Settlement Statement evidencing such payment is attached as Exhibit B.

4.    Plaintiff Toby Jacoboni is an adult individual residing or formerly residing in Oakland County, Michigan. At all relevant times, Jacoboni was a Michigan resident who owned and occupied real property as her principal residence, as to which real property she duly claimed the Homestead Exemption/Principal Residence Exemption codified at MCL 211.7cc. Jacoboni conveyed ownership of her Principal Residence by written Warranty Deed on or about September 21, 2010, at which time the state equalized valuation of that property ($121,770) was equal to or lesser than the state equalized

-4-

valuation on the date of her purchase or acquisition of that same interest in property ($178,170).  As such, the conveyance was fully exempt from any state real estate transfer tax liability pursuant to MCL 207.526(u).  Despite this statutory exemption, Jacoboni was assessed and charged, and paid, state real estate transfer taxes in the amount of $1650 in connection with the conveyance of such Principal Residence.  A true and correct copy of the HUD-1 Settlement Statement evidencing such payment is attached as Exhibit C.

5.      Plaintiffs Michael P. Jennings and Jennifer F. Jennings, husband and wife, are adult individuals residing or formerly residing in Oakland County, Michigan.  At all relevant times, the Jennings Plaintiffs were Michigan residents who owned and occupied real property as their principal residence, as to which real property they duly claimed the Homestead Exemption/Principal Residence Exemption codified at MCL 211.7cc.  The Jennings Plaintiffs conveyed ownership of their Principal Residence by written instrument on or about October 28, 2009, at which time the state equalized valuation of that property ($132,740) was equal to or lesser than the state equalized valuation on the date of their purchase or acquisition of that same interest in property ($144,130).  As such, the conveyance was fully exempt from any state real estate transfer tax liability pursuant to MCL 207.526(u).  Despite this statutory exemption, the Jennings Plaintiffs were assessed and charged, and paid, state real estate transfer taxes in the amount of $1650 in connection with the conveyance of such Principal Residence.  A true and correct copy of the Deed evidencing such payment is attached as Exhibit D.

6.      The "**Title Company Defendants**" are Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, First American Title Insurance Company, Investors Title Insurance Company, North American Title Insurance

Company, Old Republic National Title Insurance Company, Stewart Title Guaranty Company, Title Source, Inc. and WFG National Title Insurance Company.

7. Defendant Commonwealth Land Title Insurance Company is a corporation with a regular place of business located at 30600 Telegraph Road, #2345, Bingham Farms, Michigan 48025-5720. Defendant Commonwealth Land Title Insurance Company regularly conducts business in Washtenaw County and throughout Michigan.

8. Defendant Fidelity National Title Insurance Company is a corporation with a regular place of business located at 39533 Woodward Avenue, Suite 333, Bloomfield Hills, Michigan 48304. Defendant Fidelity National Title Insurance Company regularly conducts business in Washtenaw County and throughout Michigan.

9. Defendant First American Title Insurance Company is a corporation with a regular place of business located at 601 Abbot Road, East Lansing, Michigan 48823. Defendant First American Title Insurance Company regularly conducts business in Washtenaw County and throughout Michigan.

10. Defendant Investors Title Insurance Company is a corporation with a regular place of business located at 712 Abbot Road, East Lansing, Michigan 48823. Defendant Investors Title Insurance Company regularly conducts business in Washtenaw County and throughout Michigan.

11. Defendant North American Title Insurance Company is a corporation with a regular place of business located at 30600 Telegraph Road, Bingham Farms, Michigan 48025. Defendant North American Title Insurance Company conducts business in Washtenaw County and throughout Michigan.

12.     Defendant Old Republic National Title Insurance Company is a corporation with a regular place of business located at 4000 Main Street, Suite #150, Bay Harbor, Michigan 49770.  Defendant Old Republic National Title Insurance Company regularly conducts business in Washtenaw County and throughout Michigan.

13.     Defendant Stewart Title Guaranty Company is a corporation with a regular place of business located at 17177 N. Laurel Park Drive, Suite 107, Livonia, Michigan 48152.  Defendant Stewart Title Guaranty Company conducts business in Washtenaw County and throughout Michigan.

14.     Defendant WFG National Title Insurance Company is a corporation with a regular place of business located at 30600 Telegraph Road, Ste. 2345, Bingham Farms, Michigan 48025.  Defendant WFG National Title Insurance Company conducts business in Washtenaw County and throughout Michigan.

15.     Defendants Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, First American Title Insurance Company, Investors Title Insurance Company, North American Title Insurance Company, Old Republic National Title Insurance Company, Stewart Title Guaranty Company, Title Source, Inc. and WFG National Title Insurance Company are collectively referred to herein as the "Title Company Defendants."

16.     The "**Title Agency Defendants**" are American Title Company of Washtenaw, Attorneys Title Agency, LLC, Capital Title Insurance Agency, First Security Title, Inc., Michigan Title Insurance Agency and Minnesota Title Agency.

17.     Defendant American Title Company of Washtenaw is a corporation with a regular place of business located in Washtenaw County at 825 Victor's Way, Suite 100,

Ann Arbor, Michigan 48108.  Defendant American Title Company of Washtenaw regularly conducts business in Washtenaw County and throughout Michigan.

18.     Defendant Attorneys Title Agency, LLC is a limited liability company with a regular place of business located at 31440 Northwestern Hwy. Suite 100 Farmington Hills, Michigan 48334.  Defendant Attorneys Title Agency, LLC conducts business in Washtenaw County and throughout Michigan.

19.     Defendant Capital Title Insurance Agency is a corporation with a regular place of business located at 25800 Northwestern Highway, Suite 120, Southfield, Michigan 48075.  Defendant Capital Title Insurance Agency regularly conducts business in Washtenaw County and throughout Michigan.

20.     Defendant First Security Title, Inc. is a corporation with a regular place of business located at 9450 South Main Street No. 103, Plymouth, Michigan 48170. Defendant First Security Title, Inc. conducts business in Washtenaw County and throughout Michigan.

21.     Defendant Michigan Title Insurance Agency is a corporation with a regular place of business located at 9333 Telegraph Road, Taylor, Michigan 48180. Defendant Michigan Title Insurance Agency conducts business in Washtenaw County and throughout Michigan.

22.     Defendant Minnesota Title Agency is a corporation with a regular place of business located at 32500 Schoolcraft, Livonia, Michigan 48150.  Defendant Minnesota Title Agency conducts business in Washtenaw County and throughout Michigan.

23.     Defendants American Title Company of Washtenaw, Attorneys Title Agency, LLC, Capital Title Insurance Agency, First Security Title, Inc., Michigan Title

Insurance Agency and Minnesota Title Agency are collectively referred to herein as the "Title Agency Defendants."

24.    John Doe Defendants 1 through 100 are additional title companies, title agencies, closing companies and other similar defendants whose identity is currently unknown to Plaintiffs but who acted in the same capacity as the named Title Company Defendants and Title Agency Defendants.  The identity of the John Doe Defendants is known to the other Defendants herein, and will be the subject of discovery requests directed to the Defendants.  Upon discovering the identity of the John Doe Defendants, Plaintiffs will move the Court for leave to amend this Complaint to name such additional Defendants with particularity.

25.    The Title Company Defendants, the Title Agency Defendants and the John Doe Defendants are collectively referred to herein as the "Private Party Defendants."

26.    Defendant R. Kevin Clinton is the State Treasurer of the State of Michigan and is named herein solely in his official capacity pursuant to Rule 2.201(c)(5) of the Michigan Court Rules and MCL 600.2051.  The State of Michigan, Department of Treasury is a department of the state government of the State of Michigan, and maintains a regular business address at Michigan Department of Treasury, Austin Building, 430 W. Allegan Street, Lansing, MI 48922.  The State of Michigan, Department of Treasury is the taxing body to which all state real estate transfer taxes are paid pursuant to the State Real Estate Transfer Tax Act, Act 330 of 1993.  Plaintiffs do not allege any affirmative acts of wrongdoing on the part of Mr. Clinton or the State of Michigan, Department of Treasury, apart from the receipt and retention of the real estate transfer taxes at issue herein.  Plaintiffs name this Defendant as a constructive trustee of such real estate

transfer taxes, which were and remain solely the property of Plaintiffs are remain due and payable to Plaintiffs.   Plaintiffs seek only declaratory and equitable relief from this Defendant, and therefore this Court has jurisdiction over such claims.  MCL 600.6419(4) ("This chapter shall not deprive the circuit court of this state of jurisdiction over . . . proceedings for declaratory or equitable relief. . .").

### *Jurisdiction and Venue*

27.     This Court has original subject matter jurisdiction over the claims asserted herein pursuant to MCL 600.601 and 600.605.

28.     The Defendants and each of them are incorporated in Michigan, and/or have consented to suit herein, and/or carry on a continuous and systematic part of their general business in Michigan, and more specifically conducted the business and undertook the acts giving rise to this lawsuit in Michigan.

29.     This Court has general personal jurisdiction over each Defendant pursuant to MCL 600.711 and/or has limited personal jurisdiction sufficient to adjudicate the claims against each Defendant in this lawsuit pursuant to MCL 600.715.

30.     At least one of the subject parcels of real property at issue herein is situated in Washtenaw County, Michigan.

31.     Venue is proper in this Court pursuant to MCL 600.1601 through 600.1659, including MCL 600.1605, 600.1615, 600.1621 and 600.1627.

### *Class Allegations*

32.     This lawsuit is brought as a class action pursuant to Rule 3.501 of the Michigan Court Rules on behalf of all persons who (i) owned and occupied real property as their principal residence, as to which they claimed the Homestead Exemption/Principal Residence Exemption codified at MCL 211.7cc, and who (ii) conveyed ownership of such Principal Residence by written instrument at a time when the state equalized valuation of that property was equal to or lesser than the state equalized valuation on the date of their purchase or acquisition of that same interest in property, and who (iii) were assessed and/or charged, and paid, state real estate transfer taxes in connection with the conveyance of such Principal Residence, contrary to the exemption from state real estate transfer tax liability provided by MCL 207.526(u).

33.     The named Plaintiffs are members of the class they seek to represent.

34.     The Plaintiff class includes tens of thousands of members and is, therefore, so numerous that joinder of all members would be impracticable.  The precise number of class members, and the identity of each member, can be readily determined from Defendants' records and county deed records in the State of Michigan.

35.     There are questions of law and fact common to all members of the Plaintiff class, and such common questions will predominate in the disposition of this action.

36.     The claims of the named Plaintiff class representatives are identical to or at least typical of the claims of the remaining class members.

37.     The named Plaintiff class representatives will fairly and adequately assert and protect the interests of the class.  In particular: (1) the undersigned attorneys will

vigorously and adequately represent the interests of the class; (2) the class representatives have no conflict of interest in maintaining a class action; and (3) the class representatives have adequate financial resources to assure that the interests of the class will not be harmed.

38.     A class action will provide a fair and efficient method for the adjudication of the controversy set forth herein, will be superior to other available methods (including piecemeal litigation by each class member), and will promote and serve the convenient administration of justice. In particular, with respect to Plaintiffs' claims for monetary recovery: (1) common questions of law and fact will predominate over particular questions affecting only individual members; (2) management of the action as a class action will not create any special difficulties, whereas the filing of multiple individual claims would dramatically and needlessly overburden the court system; (3) the prosecution of separate actions by individual class members would create a risk of either inconsistent adjudications or the disposition or impairment of the interests of others similarly situated; (4) the representative Plaintiffs are unaware of any similar litigation against Defendants raising the claims to be adjudicated in this action; (5) this forum is appropriate and well-equipped to handle the claims of the entire class; and (6) the amounts likely to be recovered by individual class members are adequate to justify the expense and effort of administering the claims as a class action. Further, to the extent this Court determines that equitable relief is warranted, Defendants have acted on grounds applicable generally to the class as a whole, thereby making final equitable relief appropriate with respect to the class as a whole.

### *Applicable Law and Statutory Framework*

39.     Pursuant to the State Real Estate Transfer Tax Act, Act 330 of 1993, codified at MCL 207.521 through 207.537, the State of Michigan generally taxes the transfer of ownership or other interests in real property as provided more specifically therein. <u>See generally</u> MCL 207.521 through 207.537.

40.     The State Real Estate Transfer Tax Act exempts certain specified transfers from tax liability under its provisions. Of particular significance to this action, the statute provides in relevant part as follows:

> **207.526     Written instruments and transfers of property exempt from tax.**
>
> Sec. 6.
>
> The following written instruments and transfers of property are exempt from the tax imposed by this act:
>
> * * *
>
> (u)     A written instrument conveying an interest in property for which an exemption is claimed under section 7cc of the general property tax act, 1893 PA 206, MCL 211.7cc, *if the state equalized valuation of that property is equal to or lesser than the state equalized valuation on the date of purchase or on the date of acquisition by the seller or transferor for that same interest in property*. If after an exemption is claimed under this subsection, the sale or transfer of property is found by the treasurer to be at a value other than the true cash value, then a penalty equal to 20% of the tax shall be assessed in addition to the tax due under this act to the seller or transferor.

MCL 207.526 (emphasis supplied).

41.     Therefore, by its express terms, the State Real Estate Transfer Tax Act exempts any transfer by written instrument by a resident of Michigan of an interest in real property qualifying as a Principal Residence at a time when the state equalized valuation

of such property was equal to or lesser than the state equalized valuation on the date of the seller's/transferor's purchase or acquisition of that same interest in such property.

### *General Allegations*

42.     The Title Company Defendants (including certain of the John Doe Defendants) are in the real property title insurance business, in the course of which they oversee and coordinate the interests of all parties to a real estate sales transaction, including buyers, sellers, mortgage lenders, real estate agents and taxing bodies. Among other services, the Title Company Defendants routinely research title histories, prepare title abstracts, issue title commitments, order surveys, document the sales transaction, facilitate the settlement and closing of the sales transaction, insure title for the benefit of the buyer and mortgage lender, and collect and disburse sale proceeds, either directly or through their agents and assigns, including the Title Agency Defendants named herein. The Title Company Defendants charge and are paid fees for their services in connection with real estate sales, which fees are borne by the buyer and seller parties to the transaction.

43.     The Title Agency Defendants (including certain of the John Doe Defendants) are in the real property closing business, in the course of which they conduct the settlement and closing of real estate sales transactions. Among other services, the Title Agency Defendants routinely facilitate the closing of the sales transaction and collect and disburse sale proceeds. The Title Agency Defendants charge and are paid fees for their services in connection with real estate sales, which fees are borne by the buyer and seller parties to the transaction.

44.     The Title Company Defendants and Title Agency Defendants (including the John Doe Defendants) owe contractual and fiduciary duties to Plaintiffs, including duties (i) to determine and assess accurately all payoff and tax liabilities due at closing, (ii) to document the transaction accurately, including but not limited to all financial aspects thereof, through the preparation of an accurate HUD-1 Settlement Statement, and (iii) to collect and disburse all sales proceeds accurately and to the proper recipient thereof.

45.     In breach and violation of their contractual and fiduciary duties to Plaintiffs, and contrary to the unambiguous provisions of MCL 207.526(u), the Title Company Defendants and Title Agency Defendants improperly and inaccurately assessed, charged and collected from Plaintiffs real estate transfer taxes that were not owed, provided for, permitted or due.  These Defendants had no basis to assess or collect such amounts, and the assessment and collection of such excess amounts was in breach of their contractual and fiduciary duties to Plaintiffs and directly and proximately caused financial harm to Plaintiffs.

46.     As a direct and proximate result of the foregoing breaches by the Title Company Defendants and Title Agency Defendants, Plaintiffs have been assessed and charged and have paid taxes that were not owed, all to their direct detriment and harm.

47.     All excess taxes assessed, charged and paid as described herein were remitted to the Michigan Department of Treasury, which received and exercised dominion and control over such remittances but which had no basis to receive such payments.  As such, the Michigan Department of Treasury lacked any right or entitlement

to receive, hold or use such payments and was therefore unjustly enriched by the receipt of such payments.

## COUNT I – ACTION FOR DECLARATORY JUDGMENT
### *Plaintiffs v. All Defendants*

48.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

49.     Each Plaintiff conveyed his or her principal residence at a time when the state equalized valuation of that property was equal to or lesser than the state equalized valuation on the date of their purchase or acquisition of that same interest in property.

50.     Each such conveyance by Plaintiffs was fully exempt from any state real estate transfer tax liability pursuant to MCL 207.526(u).

51.     The State of Michigan has received and holds funds collected as real estate transfer taxes from the closing of sales of Plaintiffs' real property, which taxes were not due or owing because the underlying transfers were exempt from any state real estate transfer tax liability pursuant to MCL 207.526(u).

52.     The assessment of state real estate transfer tax liability by the Private Party Defendants, and the collection and retention of such payments by the State of Michigan, creates an actual controversy between the parties, and is causing ongoing uncertainty as to the parties' respective rights, status, obligations and legal relations.

53.     Plaintiffs are entitled to receive a declaratory judgment herein, declaring that each conveyance at issue was fully exempt from any state real estate transfer tax liability pursuant to MCL 207.526(u).

54. The declaratory relief requested herein will resolve and terminate any controversy between the parties as to whether Plaintiffs' conveyances were taxable or exempt from state real estate transfer tax liability pursuant to MCL 207.526(u), and will thereby help to relieve the parties from any uncertainty and insecurity with respect to their rights and obligations in an expeditious and efficient fashion.

55. Plaintiffs are therefore entitled to equitable relief in the form of a declaratory judgment, declaring that Plaintiffs conveyed their principal residence at a time when the state equalized valuation of that property was equal to or lesser than the state equalized valuation on the date of their purchase or acquisition of that same interest in property and that Plaintiffs' conveyance was fully exempt from any state real estate transfer tax liability pursuant to MCL 207.526(u).

## COUNT II – UNJUST ENRICHMENT/OVERPAYMENT
### *Plaintiffs v. R. Kevin Clinton, State Treasurer,*
### *State of Michigan, Department of Treasury*

56. Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

57. The State of Michigan has received and holds funds collected as real estate transfer taxes from the closing of sales of Plaintiffs' real property, which taxes were not due or owing because the underlying transfers were exempt from any state real estate transfer tax liability pursuant to MCL 207.526(u).

58. Because Plaintiffs did not owe any payment of transfer taxes, it would be inequitable to allow the State of Michigan to retain such payment, and such payments should be disgorged and remitted to Plaintiffs.

59.     The State of Michigan has been unjustly enriched by the overpayment of taxes that were not owed.  Such unjust enrichment and inequity can be cured only by the return to Plaintiffs of the sums improperly paid to the State of Michigan.

60.     Unjust enrichment is an equitable remedy suitable to the circumstances described herein.

61.     Plaintiffs are therefore entitled to equitable relief in the form of the immediate return of all such real estate transfer taxes, with interest.

## COUNT III – CONSTRUCTIVE TRUST
### *Plaintiffs v. R. Kevin Clinton, State Treasurer,*
### *State of Michigan, Department of Treasury*

62.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

63.     The State of Michigan has received and holds funds collected as real estate transfer taxes from the closing of sales of Plaintiffs' real property, which taxes were not due or owing because the underlying transfers were exempt from any state real estate transfer tax liability pursuant to MCL 207.526(u).

64.     At all times, the State of Michigan received and has held such tax payments solely as the constructive trustee of Plaintiffs.

65.     Because Plaintiffs did not owe any payment of transfer taxes, it would be inequitable to allow the State of Michigan to retain such payment, and such payments should be disgorged and remitted to Plaintiffs.

66.     The imposition of a constructive trust is an equitable remedy suitable to the circumstances described herein.

67.     Plaintiffs are therefore entitled to equitable relief in the form of the imposition of a constructive trust and the immediate return of all such real estate transfer taxes, with interest.

### COUNT IV – DISGORGEMENT (MONEY HAD AND RECEIVED)
### *Plaintiffs v. R. Kevin Clinton, State Treasurer,*
### *State of Michigan, Department of Treasury*

68.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

69.     The State of Michigan has received and holds funds collected as real estate transfer taxes from the closing of sales of Plaintiffs' real property, which taxes were not due or owing because the underlying transfers were exempt from any state real estate transfer tax liability pursuant to MCL 207.526(u).

70.     Under these circumstances, equity and good conscience requires that the State of Michigan return such payments to Plaintiffs.

71.     Because Plaintiffs did not owe any payment of transfer taxes, it would be inequitable to allow the State of Michigan to retain such payment, and such payments should be disgorged and remitted to Plaintiffs.

72.     Disgorgement is an equitable remedy suitable to the circumstances described herein.

73.     Plaintiffs are therefore entitled to equitable relief in the form of the immediate return of all such real estate transfer taxes, with interest.

### COUNT V – ACTION PURSUANT TO THE MICHIGAN
### CONSUMER PROTECTION ACT
### MCL 445.901 - 445.922
### *Plaintiffs v. Private Party Defendants*

74.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

75.     Plaintiffs and the Plaintiff class are "Persons" within the meaning of MCL 445.902(1)(d) and have standing to bring claims under the Michigan Consumer Protection Act, MCL 445.901 through 445.922.

76.     The Private Party Defendants are engaged in "trade or commerce" within the meaning of MCL 445.902(1)(g), and specifically provide goods, property or services primarily for personal, family, or household purposes.

77.     By improperly assessing and stating an obligation to pay real estate transfer taxes that were not owed pursuant to the exemptions provided under MCL 207.526(u), the Private Party Defendants have used unlawful, unfair, unconscionable, and deceptive methods, acts, or practices in violation of the Michigan Consumer Protection Act, including the following unlawful and prohibited acts:

- Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction;

- Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer;

- Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is; and

- Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

MCL 445.903(1)(n), (s), (bb) and (cc).

78.     Plaintiffs and the Plaintiff class have suffered a loss as a direct and proximate result of the foregoing conduct.

79.     Plaintiffs and the Plaintiff class are entitled to recover their actual damages. MCL 445.911(3).

80.     The Private Party Defendants are obligated to bear the cost of class notice in connection with Plaintiffs' motion to certify this lawsuit as a class action. MCL 445.911(5).

### COUNT VI – FRAUD
#### *Plaintiffs v. Private Party Defendants*

81.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

82.     By improperly assessing and stating an obligation to pay real estate transfer taxes that were not owed pursuant to the exemptions provided under MCL 207.526(u), the Private Party Defendants made material misrepresentations of existing fact regarding the obligation of Plaintiffs and the Plaintiff class to pay such transfer taxes.

83.     The foregoing material misrepresentations of existing fact were false and untrue.

84.     The Private Party Defendants made the foregoing misrepresentations of fact knowing them to be false and untrue. Alternatively, the Private Party Defendants acted recklessly in making such misrepresentations as a positive assertion, without knowledge of their truth or falsehood.

85.     The Private Party Defendants made the foregoing misrepresentations of fact intending – and indeed demanding – that Plaintiffs and the Plaintiff class act in

reliance thereon by paying the transfer tax, notwithstanding that no such payment was due.

86.     Plaintiffs and the Plaintiff class did in fact reasonably rely on the foregoing misrepresentations of fact in paying the transfer tax, notwithstanding that no such payment was due.

87.     Plaintiffs and the Plaintiff class suffered money damages and other injury as a direct and proximate result of Defendants' fraud, all of which they are entitled to recover herein.

## COUNT VII – CONVERSION
### *Plaintiffs v. Private Party Defendants*

88.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

89.     The proceeds of sale of Plaintiffs' real property – including the portion of such proceeds improperly withheld for transfer taxes - was the property of Plaintiffs.

90.     Plaintiffs and the Plaintiff class had the immediate right to possession of the proceeds of sale of their real property, including the portion of such proceeds improperly withheld for transfer taxes.

91.     The Private Party Defendants wrongfully exerted dominion over Plaintiffs' property by requiring that such property be withheld from Plaintiffs and redirected in payment of transfer taxes that were not owed, and further by withholding and disposing of such property.  This exercise of dominion by the Private Party Defendants was in denial of and inconsistent with Plaintiffs' property rights.

92.    Plaintiffs and the Plaintiff class suffered money damages and other injury as a direct and proximate result of Defendants' conversion, all of which they are entitled to recover herein.

### COUNT VIII – BREACH OF CONTRACT
*Plaintiffs v. Private Party Defendants*

93.    Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

94.    The Private Party Defendants entered into contracts with Plaintiffs and the members of the Plaintiff class in connection with the sale of Plaintiffs' real property and the closing thereon.

95.    The parties' contracts required the Private Party Defendants, *inter alia*, to identify, document and correctly assess all costs associated with the sale transaction, including the proper assessment, withholding and payment of transfer taxes.

96.    The Private Party Defendants breached the parties' contracts by, *inter alia*, failing properly to identify, document and correctly assess the transfer taxes associated with the sale transactions.  To the contrary, in breach of the parties' contracts, the Private Party Defendants improperly assessed and charged and caused Plaintiffs and the Plaintiff class to pay real estate transfer taxes that were not owed pursuant to the exemptions provided under MCL 207.526(u).

97.    Plaintiffs and the Plaintiff class have suffered money damages and other injury as a direct and proximate result of the foregoing breaches by the Private Party Defendants, all of which damages Plaintiffs are entitled to recover herein.

## COUNT IX – BREACH OF FIDUCIARY DUTY
### *Plaintiffs v. Private Party Defendants*

98.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

99.     The Private Party Defendants had control over, and acted as fiduciaries to Plaintiffs and the Plaintiff class with respect to the proper collection, disposition and distribution of, the proceeds of the sale of Plaintiffs' real property.

100.     Plaintiffs and the Plaintiff class reposed their trust and confidence in the Private Party Defendants to collect and distribute accurately and correctly the proceeds of the sale of Plaintiffs' real property.

101.     The Private Party Defendants undertook and assumed a duty to collect and distribute accurately and correctly the proceeds of the sale of Plaintiffs' real property, and were paid to do so.  Accordingly, the Private Party Defendants were obligated by a duty to advise and counsel Plaintiffs and the Plaintiff class correctly and accurately with regard to the determination, assessment and payment of the costs of the sales transaction, including the proper assessment, withholding and payment of transfer taxes.

102.     The Private Party Defendants breached their fiduciary duties to Plaintiffs and the Plaintiff class by, *inter alia*, failing properly to identify, document and correctly assess the transfer taxes associated with the sale transactions and further by improperly assessing and causing Plaintiffs and the Plaintiff class to pay real estate transfer taxes that were not owed pursuant to the exemptions provided under MCL 207.526(u).

103.     Plaintiffs and the Plaintiff class have suffered money damages and other injury as a direct and proximate result of the foregoing breaches by the Private Party Defendants, all of which damages Plaintiffs are entitled to recover herein.

## COUNT X – NEGLIGENCE
### *Plaintiffs v. Private Party Defendants*

104.    Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

105.    The Private Party Defendants owed Plaintiffs and the Plaintiff class a duty of care with respect to the proper collection, disposition and distribution of the proceeds of the sale of Plaintiffs' real property.

106.    In particular, the Private Party Defendants owed Plaintiffs and the Plaintiff class a duty to collect and distribute accurately and correctly the proceeds of the sale of Plaintiffs' real property, and were paid to do so.

107.    The Private Party Defendants breached their duties to Plaintiffs and the Plaintiff class and acted negligently by, *inter alia*, failing properly to identify, document and correctly assess the transfer taxes associated with the sale transactions and further by improperly assessing and causing Plaintiffs and the Plaintiff class to pay real estate transfer taxes that were not owed pursuant to the exemptions provided under MCL 207.526(u).

108.    Plaintiffs and the Plaintiff class have suffered money damages and other injury as a direct and proximate result of the foregoing negligence by the Private Party Defendants, all of which damages Plaintiffs are entitled to recover herein.

## COUNT XI – INNOCENT MISREPRESENTATION
### *Plaintiffs v. Private Party Defendants*

109.    Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

110.    In the alternative to Count IV, the Private Party Defendants innocently misrepresented Plaintiffs' obligation to pay real estate transfer taxes that were not owed pursuant to the exemptions provided under MCL 207.526(u).

111.    Plaintiffs and the Plaintiff class have suffered money damages and other injury as a direct and proximate result of the foregoing misrepresentation by the Private Party Defendants, all of which damages Plaintiffs are entitled to recover herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of all members of the Plaintiff class, respectfully request this Honorable Court to grant the following relief:

A.    Certify this case as a class action pursuant to MCR 3.501 on behalf of the proposed Plaintiff class, designate the named Plaintiffs as Plaintiff class representatives, appoint the undersigned counsel as lead counsel for the Plaintiff class, and direct the Private Party Defendants to bear the costs of class notice pursuant to MCL 445.911(5);

B.    Enter judgment as to Count I in Plaintiffs' favor and against all Defendants pursuant to MCR 2.605, and declare that Plaintiffs conveyed their principal residence at a time when the state equalized valuation of that property was equal to or lesser than the state equalized valuation on the date of their purchase or acquisition of that same interest in property and that Plaintiffs' conveyance was fully exempt from any state real estate transfer tax liability pursuant to MCL 207.526(u);

C.    Enter judgment as to Counts II, III and IV in Plaintiffs' favor and against Defendant R. Kevin Clinton, State Treasurer, State of Michigan, Department of Treasury, and direct this Defendant to return to Plaintiffs all state real estate transfer taxes paid by them to this Defendant in contravention of MCL 207.526(u);

D.    Enter judgment as to Counts V through XI in Plaintiffs' favor and against the Private Party Defendants, and award all actual damages, statutory damages, attorneys' fees and other relief in an amount to be determined at trial, plus interest thereon;

E.    Award Plaintiffs the costs incurred in prosecuting this lawsuit, including reasonable attorneys' fees as allowed by controlling law, plus interest;

F.    Award all other relief, both legal and equitable, as this Court deems necessary, just and proper.

## MOTION TO CERTIFY PLAINTIFF CLASS

112.    Plaintiffs incorporate each of the foregoing paragraphs, and specifically including paragraphs 32 through 38, as if fully set forth herein.

113.    Plaintiffs hereby move this Honorable Court pursuant to MCR 3.501(B) to certify this action as a class action on behalf of all persons who (i) owned and occupied real property as their principal residence, as to which real property they claimed the Homestead Exemption/Principal Residence Exemption codified at MCL 211.7cc, and who (ii) conveyed ownership of such Principal Residence by written instrument at a time when the state equalized valuation of that property was equal to or lesser than the state equalized valuation on the date of their purchase or acquisition of that same interest in property, and who (iii) were assessed and/or charged, and paid, state real estate transfer taxes in connection with the conveyance of such Principal Residence, contrary to the exemption from state real estate transfer tax liability provided by MCL 207.526(u).

114.    Plaintiffs additionally move this Honorable Court to designate the named Plaintiffs as Plaintiff class representatives.

115.    Plaintiffs additionally move this Honorable Court to appoint the undersigned counsel as lead counsel for the Plaintiff class.

116.    Plaintiffs additionally move this Honorable Court pursuant to MCR 3.501(C) to approve the form of Notice to class members attached as Exhibit E, to determine and direct the manner of giving such Notice, and to direct the Private Party Defendants to bear the costs of class notice pursuant to MCL 445.911(5).

117.    Plaintiffs additionally move this Honorable Court to schedule a class certification hearing, after the completion of class certification discovery, to decide the within Motion for Class Certification.

## ~~~JURY TRIAL DEMAND~~~

118.    Plaintiffs demand a jury trial as to Counts I and V through XI.

119.    Plaintiffs move the Court pursuant to MCR 2.509(D)(1) to try Counts II through IV with an advisory jury, to-wit, the jury empanelled to decide Counts I and V through XI.

Respectfully submitted,

_____
**Randal L. Schmidt, Esquire (P65901)**
randal@schmidtlawyers.com
Randal L. Schmidt, PLC
340 N. Main Street, Suite 309
Plymouth, MI 48170
Tel:    734-455-4560

_____
**Scott M. Hare, Esquire (P52081)**
Scott@ScottLawPGH.com
The Law Office of Scott M. Hare
1806 Frick Building

437 Grant Street
Pittsburgh, PA  15219
Tel:     412-338-8632

Counsel for Plaintiffs

Date:   November 21, 2013

## VERIFICATION

I am a named Plaintiff in this case. I have read this Verified Class Action Complaint and hereby verify that the factual statements contained therein are true, correct and accurate to the best of my knowledge, information and belief.

_____
Signature

_____
Print Name

On this day, November 7th 2013, the above-named _Toby L. Jacoboni_ appeared before me and verified the allegations contained in the above Verified Class Action Complaint.

_Wayne_____ County
State of Michigan

_Jeffrey Green_____
Notary Public  Oakland Co. MI
My Commission Expires 9/25/2018
Acting in Wayne County.

**JEFFREY GREEN**
Notary Public, State of Michigan
County of Oakland
My Commission Expires 09-25-2018
Acting In the County of _Wayne_

## VERIFICATION

I am a named Plaintiff in this case.  I have read this Verified Class Action

Complaint and hereby verify that the factual statements contained therein are true, correct

and accurate to the best of my knowledge, information and belief.

_____  _____
                                                    Signature

MICHAEL P. JENNINGS  Jennifer Jennings
                                                    Print Name

On this day, November ___ 2013, the
above-named  _____
appeared before me and verified the
allegations contained in the above Verified
Class Action Complaint.

_____ County
State of Michigan

_____
Notary Public

One this day, November 13, 2013,
the above-named Jennifer Jennings and
Michael Jennings signed document. Notary
is only notarizing signatures only.
Arica Whitlow
Notary

**My Commission Expires 08/21/2017**

## VERIFICATION

I am a named Plaintiff in this case.  I have read this Verified Class Action Complaint and hereby verify that the factual statements contained therein are true, correct and accurate to the best of my knowledge, information and belief.

_____
Signature

Brad J. Bushman
Print Name

On this day, November 8th 2013, the above-named *Brad J. Bushman* appeared before me and verified the allegations contained in the above Verified Class Action Complaint.

*Franklin* County
State of Michigan *State of Ohio*

_____
Notary Public

MEGAN L. GREEN
Notary Public, State of Ohio
My Commission Expires Nov. 27, 2016
Recorded in Fairfield County

## <u>VERIFICATION</u>

I am a named Plaintiff in this case.  I have read this Verified Class Action Complaint and hereby verify that the factual statements contained therein are true, correct and accurate to the best of my knowledge, information and belief.

_____
Signature

_____
Print Name

On this day, November _20th_ 2013, the above-named _Ryan Walsh_ appeared before me and verified the allegations contained in the above Verified Class Action Complaint.

_____
State of Michigan

BARBARA J. BAKER
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
My Commission Expires Feb. 22, 2019
Acting in the County of Wayne

_____
Notary Public

## VERIFICATION

I am a named Plaintiff in this case. I have read this Verified Class Action Complaint and hereby verify that the factual statements contained therein are true, correct and accurate to the best of my knowledge, information and belief.

_Sarah K Walsh_
Signature

_Sarah Walsh_
Print Name

On this day, November 20th 2013, the above-named _Sarah Walsh_ appeared before me and verified the allegations contained in the above Verified Class Action Complaint.

State of Michigan

BARBARA J. BAKER
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
My Commission Expires Feb. 22, 2019
Acting in the County of Wayne

_Barbara J Baker_
Notary Public

# EXHIBIT A



OFFICIAL SEAL

Washtenaw Co., MI
07/07/10  Lawrence Kestenbaum
L-4796  P-717   Clerk Register



Page: 1 of 1
10:51 A
07/07/10
ACS-5983397-D-2010-1
Lawrence Kestenbaum, Washtenaw          L-4796  P-717



**M** STATE OF **Michigan**          REAL ESTATE TRANSFER TAX
Washtenaw Co                          $425.70-C
07/07/2010                            $2,902.50-S
8857                                  S       117844

## WARRANTY DEED

### AMERICAN TITLE COMPANY OF WASHTENAW

The Grantor(s), Brad J. Bushman and Tamara R. Stafford, husband and wife,
Convey(s) and Warrant(s) to Leonard L. Lowen, Jr. and Jennifer M. Lowen, husband and wife, whose address is 3566
Fieldcrest Lane, Ypsilanti, MI 48197,

the following property located in the Township of Scio, Washtenaw County, Michigan:
Lot 6 Saginaw Hills, according to the plat thereof as recorded in Liber 24 of Plats, Pages 45-50, Washtenaw County
Records.
(Address:        4224 Skyline Ct.)
tax parcel #H-08-35-215-006

for the sum of Three Hundred Eighty Seven Thousand and 00/100 ($387,000.00) Dollars,
subject to easements and building and use restrictions of record, and further subject to the lien of real property taxes not
yet due and payable.

Dated: June 30 , 20 10

_____          _____
Brad J. Bushman                   Tamara R. Stafford

Acknowledged before me in Washtenaw County, Michigan, on June 30 , 20 10 , by Brad J. Bushman and
Tamara R. Stafford.

_____
, Notary Public
Washtenaw County, Michigan
My Commission Expires: 10-20-2012
Acting in Washtenaw County

Drafted by:
Michelle J. Taylor (P64926)
3005 Boardwalk, Suite 202
Ann Arbor, MI 48108
Recording fee: $14.00
County transfer tax $425.70
State transfer tax: $2,902.50
Total transfer tax: $3,328.20

When recorded return to and send tax bills to:
Leonard L. Lowen, Jr. and Jennifer M. Lowen
4224 Skyline Ct.
Ann Arbor, MI 48103

MARY ELLEN WOOD
NOTARY PUBLIC, STATE OF MI
COUNTY OF WASHTENAW
MY COMMISSION EXPIRES Oct 20, 2012
ACTING IN COUNTY OF

File #100059te

WASHTENAW COUNTY TREASURER
TAX CERTIFICATE NO. 63369.00

Time Submitted for Recording
Date 7-6 2010 Time 11:10am
Lawrence Kestenbaum
Washtenaw County Clerk/Register

100059-1

# EXHIBIT B

## A. SETTLEMENT STATEMENT

U.S. Department of Housing and Urban Development

OMB No. 2502-0265

### B. Type of Loan

| 1. ☐ FHA | 2. ☐ FmHA | 3. ☒ Conv. Unins. | 6. File Number | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|---|---|---|
| 4. ☐ VA | 5. ☐ Conv. Ins. | | J09-38852 | 6502997600 | |

### C. NOTE

This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked ("p.o.c.") were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

**D. NAME OF BORROWER:** HANI M. AYESH
ADDRESS OF BORROWER: 45882 Spinning Wheel, Canton, MI 48187

**E. NAME OF SELLER:** Ryan Walsh and Sarah Walsh
ADDRESS OF SELLER: 45882 Spinning Wheel, Canton, MI 48187

**F. NAME OF LENDER:** Devon Bank
ADDRESS OF LENDER: 6445 N. Western Ave., Chicago, IL 60645

**G. PROPERTY LOCATION:** 45882 Spinning Wheel, Canton, Wayne County, MI 48187

**H. SETTLEMENT AGENT:** 1ST SECURITY TITLE AGENCY, INC.
PLACE OF SETTLEMENT: 9450 S. MAIN ST., PLYMOUTH, MI 48170

**I. SETTLEMENT DATE:** 01/26/2010  PRORATION DATE: 01/26/2010

| J. | SUMMARY OF BORROWER'S TRANSACTION | | K. | SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | | **400. GROSS AMOUNT DUE TO SELLER:** | | |
| 101. Contract sale price | | 196,000.00 | 401. Contract sale price | | 196,000.00 |
| 102. Personal property | | | 402. Personal property | | |
| 103. Settlement charges to borrower: | | 2,361.37 | 403. | | |
| (from line 1400) | | | | | |
| 104. | | | 404. | | |
| 105. | | | 405. | | |
| ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE | | | ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE | | |
| 106. City\Town taxes 01/26/2010 to 07/01/2010 | | 811.48 | 406. City\Town taxes 01/26/2010 to 07/01/2010 | | 811.48 |
| 107. County taxes 01/26/2010 to 12/01/2010 | | 1,544.45 | 407. County taxes 01/26/2010 to 12/01/2010 | | 1,544.45 |
| 108. Assessments to | | | 408. Assessments to | | |
| 109. Sunflower Village Association 01/26/2010 to 01/ | | 209.38 | 409. Sunflower Village Association 01/26/2010 to 0 | | 209.38 |
| 110. | | | 410. | | |
| 111. | | | 411. | | |
| 112. | | | 412. | | |
| **120. GROSS AMOUNT DUE FROM BORROWER:** | | 200,926.68 | **420. GROSS AMOUNT DUE TO SELLER:** | | 198,565.31 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | | |
| 201. Deposit or earnest money | | 1,000.00 | 501. Excess deposit(see instructions) | | |
| 202. Principal amount of new loan(s) | | 156,800.00 | 502. Settlement charges to seller(line 1400) | | 10,596.67 |
| 203. Existing loan(s) taken subject to | | | 503. Existing loan(s) taken subject to | | |
| 204. | | | 504. Payoff of first mortgage loan Payoff Chase | | 142,303.19 |
| 205. | | | 505. Payoff of second mortgage loan Payoff | | 28,251.42 |
| 206. | | | 506. Overnight Fees | | 31.00 |
| 207. | | | 507. Water Escrow | | 300.00 |
| 208. | | | 508. Association Dues | | 225.00 |
| 209. | | | 509. Home Warranty | | 350.00 |
| ADJUSTMENTS FOR ITEMS UNPAID BY SELLER: | | | ADJUSTMENTS FOR ITEMS UNPAID BY SELLER: | | |
| 210. City/Town taxes to | | | 510. City/Town taxes to | | |
| 211. County taxes to | | | 511. County taxes to | | |
| 212. Assessments to | | | 512. Assessments to | | |
| 213. Seller Concession | | 5,880.00 | 513. Seller Concession | | 5,880.00 |
| 214. | | | 514. Occupancy 2 days @ $50 p/d | | 100.00 |
| 215. | | | 515. Damage Escrow | | 500.00 |
| 216. | | | 516. | | |
| 217. | | | 517. | | |
| 218. | | | 518. | | |
| 219. | | | 519. | | |
| **220. TOTAL PAID BY\FOR BORROWER:** >> | | 163,680.00 | **520. TOTAL REDUCTIONS IN AMOUNT DUE SELLER:** >> | | 188,537.28 |
| **300. CASH AT SETTLEMENT FROM\TO BORROWER:** | | | **600. CASH AT SETTLEMENT TO\FROM SELLER:** | | |
| 301. Gross amount due from borrower (line 120) | | 200,926.68 | 601. Gross amount due to seller (line 420) | | 198,565.31 |
| 302. Less amount paid by\for borrower (line 220) | | 163,680.00 | 602. Less total reductions in amount due seller (line 520) | | 188,537.28 |
| 303. CASH ( ☒ FROM) ( ☐ TO) BORROWER:>> | | 37,246.68 | 603. CASH ( ☐ FROM) ( ☒ TO) SELLER: >> | | 10,028.03 |

TAXPAYER IDENTIFICATION NUMBER SOLICITATION: SELLER

You are required by law to provide settlement agent with your correct taxpayer identification number. If you do not provide settlement agent with your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law.
Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

_____    _____    _____
Seller's signature                     Seller's signature                     Seller's signature

The information contained in Blocks E,G,H,I and on line 401 (or if line 401 has an asterisk, line 403 and 404) is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

Page 1 of 2

| | | | | PAID FROM BORROWER'S FUNDS SETTLEMENT | PAID FROM SELLER'S FUNDS SETTLEMENT |
|---|---|---|---|---|---|
| **700. TOTAL SALES/BROKER'S COMMISSION:** BASED ON PRICE | 196,000.00 | @ 4.0000 %= | 7,840.00 | | |
| DIVISION OF COMMISSION (LINE 700) AS FOLLOWS: | | | | | 7,840.00 |
| 701. $ 1,960.00 | to Remerica Hometown Realtors | | | | |
| 702. $ 5,880.00 | to Prudential Snyder | | | | |
| 703. Commission paid at settlement | | | | | |
| 704. | | | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN:** | | | POC | | |
| 801. Loan origination fee | 0.0000 % | | | | |
| 802. Loan discount | 0.0000 % | | | | |
| 803. Appraisal Fee | to SettlementOne | | 450.00 B | | |
| 804. Credit Report | to Credit Plus | | 12.00 B | 6.68 | |
| 805. Lender's Inspection Fee | | | | | |
| 806. Mtg. Ins. Appl. Fee | | | | | |
| 807. Assumption fee: | | | | | |
| 808. Application Fee | to Devon Bank | | 250.00 B | | |
| 809. Flood Determination | to National Flood Research | | | 13.00 | |
| 810. Tax Service Fee | to Land America/Devon Bank | | | 69.00 | |
| 811. Documentation Fee | to Devon Bank | | | 785.00 | |
| 812. Underwriting Fee | to Devon Bank | | | 295.00 | |
| 813. Courier Fees | to UPS | | | 30.00 | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE:** | | | | | |
| 901. Interest from to | @$ 0.0000 /day 0 day(s) | | | | |
| 902. Mortgage insurance premium for | mos. to | | | | |
| 903. Hazard insurance premium for | 1 yrs. to AAA | | | 414.00 B | |
| 904. Flood insurance premium for | yrs. to | | | | |
| 905. | | | | | |
| **1000. RESERVES DEPOSITED WITH LENDER:** | | | | | |
| 1001. Hazard Insurance | months @ $ | per month | | | |
| 1002. Mortgage Insurance | months @ $ | per month | | | |
| 1003. City property taxes | months @ $ | per month | | | |
| 1004. County property taxes | months @ $ | per month | | | |
| 1005. Annual assessments | months @ $ | per month | | | |
| 1006. | months @ $ | per month | | | |
| 1007. | months @ $ | per month | | | |
| 1008. | months @ $ | per month | | | |
| **1100. TITLE CHARGES:** | | | | | |
| 1101. Settlement or closing fee | to 1ST SECURITY TITLE AGENCY, INC. | | | 450.00 | |
| 1102. Abstract or title search | | | | | |
| 1103. Title examination | | | | | |
| 1104. Title insurance binder | | | | | |
| 1105. Document preparation | | | | | |
| 1106. Notary fees | | | | | |
| 1107. Attorney's fees | | | | | |
| 1108. Title insurance | to 1ST SECURITY TITLE AGENCY, INC. | | | 458.97 | 1,071.07 |
| ( includes endorsements: ) | | | | | |
| 1109. Lender's coverage | $156,800.00 $ 458.97 | | | | |
| 1110. Owner's coverage | $196,000.00 $ 1,071.07 | | | | |
| 1111. Courier | to 1ST SECURITY TITLE AGENCY, INC. | | | 15.50 | |
| 1112. | | | | | |
| 1113. | | | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES:** | | | | | |
| 1201. Recording fees: Deed $ 38.00 | : Mortgage $ 63.00 | : Releases | | 101.00 | |
| 1202. City\county tax\stamps: Deed $ 215.60 | : Mortgage | | | | 215.60 |
| 1203. State tax\stamps: Deed $ 1,470.00 | : Mortgage | | | | 1,470.00 |
| 1204. | | | | | |
| 1205. | | | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES:** | | | | | |
| 1301. Survey | | | | | |
| 1302. Pest inspection | | | | | |
| 1303. 1st of month Adj.- 6 days @ $22.87 to Devon Bank | | | | 137.22 | |
| 1304. | | | | | |
| 1305. | | | | | |
| 1306. | | | | | |
| 1307. | | | | | |
| 1308. | | | | | |
| 1309. | | | | | |
| **1400. TOTAL SETTLEMENT CHARGES (Enter on line 103, Section J and line 502, Section K)** >> | | | | 2,361.37 | 10,596.67 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Borrower: _____ Date: 1/26/10  Seller: _____ Date: 1/26/10
HANI M. AYESH                                   Ryan Walsh

Borrower: _____ Date: _____  Seller: Sarah Walsh Date: 1/26/10
                                                Sarah Walsh

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent: _____ Date: 01/26/2010
1ST SECURITY TITLE AGENCY, INC.

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

Page 2 of 2

# EXHIBIT C



## A. Settlement Statement (HUD-1)

OMB No. 2502-0265

### B. Type of Loan

| 1. ☒ FHA  2. ☐ RHS  3. ☐ Conv Unins | 6. File Number | 7. Loan Number | 8. Mortgage Ins Case Number |
|---|---|---|---|
| 4. ☐ VA  5. ☐ Conv Ins.  6. ☐ Seller Fin | 330485-51 | 201002890 | 264-0706844-703 |
| 7. ☐ Cash Sale. | | | |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown here. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower | E. Name & Address of Seller | F. Name & Address of Lender |
|---|---|---|
| Marshall Weingarden and Karen Jean Weingarden 2871 Augusta Commerce Township, MI 48382 | Toby Jacoboni 659 Heritage Milford, MI | John Adams Mortgage Company 25800 Northwestern Highway, Suite 110 Southfield, MI 48075 |

| G. Property Location | H. Settlement Agent Name | I. Settlement Date |
|---|---|---|
| Lot 36, Milford's Heritage Hill No. 1, Liber 201, Page 10-14, Oakland County 659 Heritage Drive Milford, MI 48381 | Capital Title Insurance Agency - Novi Branch 43155 Main Street, Suite 2300 Novi, MI 48375 248-305-6565 Underwritten By: Stewart Place of Settlement Real Estate One 8430 Richardson Road Commerce Twp, MI 48382 | 9/21/2010 Fund: 9/21/2010 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due from Borrower** | | **400. Gross Amount Due to Seller** | |
| 101. Contract sales price | $220,000.00 | 401. Contract sales price | $220,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower | $11,509.37 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City Property Taxes 09/21/10 thru 06/30/11 | $2,202.24 | 406. City Property Taxes 09/21/10 thru 06/30/11 | $2,202.24 |
| 107. County Property Taxes 09/21/10 thru 11/30/10 | $223.87 | 407. County Property Taxes 09/21/10 thru 11/30/10 | $223.87 |
| 108. School Property Taxes | | 408. School Property Taxes | |
| 109. Village Property Taxes 09/21/10 thru 06/30/11 | $542.15 | 409. Village Property Taxes 09/21/10 thru 06/30/11 | $542.15 |
| 110. Association Dues 09/21/10 thru 12/31/10 | $34.93 | 410. Association Dues 09/21/10 thru 12/31/10 | $34.93 |
| 111. Other Taxes | | 411. Other Taxes | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 116. | | 416. | |
| **120. Gross Amount Due From Borrower** | $234,512.56 | **420. Gross Amount Due to Seller** | $223,003.19 |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due to Seller** | |
| 201. Deposit or earnest money | $1,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | $217,076.00 | 502. Settlement charges to seller (line 1400) | $14,291.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. Earnest Money Retained by Realtor | $1,000.00 |
| 207. | | 507. | |
| 208. Portion of Owner's Policy Paid by Seller | $1,085.00 | 508. Portion of Owner's Policy Paid by Seller | $1,085.00 |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City Property Taxes | | 510. City Property Taxes | |
| 211. County Property Taxes | | 511. County Property Taxes | |
| 212. School Property Taxes | | 512. School Property Taxes | |
| 213. Village Property Taxes | | 513. Village Property Taxes | |
| 214. Association Dues | | 514. Association Dues | |
| 215. Other Taxes | | 515. Other Taxes | |
| 216. | | 516. Water Escrow | |
| 217. | | 517. Occupancy Escrow | |
| 218. | | 518. 2010 Summer Taxes – Due + 1% interest | $2,840.34 |
| 219. | | 519. 2010 Village Taxes + Interest | $699.36 |
| **220. Total Paid By/For Borrower:** | $219,161.00 | **520. Total Reduction Amount Due Seller:** | $19,915.70 |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross Amount due from borrower (line 120) | $234,512.56 | 601. Gross Amount due to seller (line 420) | $223,003.19 |
| 302. Less amounts paid by/for borrower (line 220) | $219,161.00 | 602. Less reductions in amt. due seller (line 520) | $19,915.70 |
| **303. Cash From Borrower** | $15,351.56 | **603. Cash To Seller** | $203,087.49 |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

## L. Settlement Charges

| 700. Total Real Estate Broker Fees | $13,200.00 | | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|---|
| Division of Commission (line 700) as follows: | | | | | |
| 701. $6,600.00 | | to | Real Estate One - 13 | | |
| 702. $6,600.00 | | to | Real Estate One - 28 | | |
| 703. Commission Paid at Settlement | | | | $0.00 | $12,200.00 |
| 704. (EMD $1,000 to Real Estate One - 28 P.O.C.) | | to | | | |
| 705. Broker Compliance Fee | | to | Real Estate One - 13 | | |
| 706. Broker Compliance Fee | | to | Real Estate One - 28 | | $199.00 |
| | | | | $199.00 | |

| 800. Items Payable in Connection with Loan | | | | | |
|---|---|---|---|---|---|
| 801. Our origination charge | | | $1,899.00 | (from GFE #1) | |
| 802. Your credit or charge (points) for the specific rate chosen | | | $0.00 | (from GFE #2) | |
| 803. Your adjusted origination charges | to | John Adams Mortgage Company | | (from GFE A) | $1,899.00 |
| 804. Appraisal Fee | to | John Adams Mortgage Company | | (from GFE #3) | $385.00 |
| 805. Credit report - CTI/JAMCO | to | John Adams Mortgage Company | | (from GFE #3) | $13.50 |
| 806. Tax service | to | | | (from GFE #3) | |
| 807. Flood certification | to | John Adams Mortgage Company | | (from GFE #3) | $14.00 |

| 900. Items Required by Lender to be Paid in Advance | | | | | |
|---|---|---|---|---|---|
| 901. Daily interest charges from 9/21/2010 to 10/1/2010 @ $26.76/day | | | (from GFE #10) | $267.60 | |
| 902. Mortgage Insurance Premium for months | to | John Adams Mortgage Company | | (from GFE #3) | $4,776.75 |
| 903. Homeowner's insurance for 1 years | to | Citizens | POC (B) $1,289.00 | (from GFE #11) | |

| 1000. Reserves Deposited with Lender | | | | | |
|---|---|---|---|---|---|
| 1001. Initial Deposit for your escrow account | | | | (from GFE #9) | $1,730.02 |
| 1002. Homeowner's insurance | 2 | months @ | $190.67 | per month | $381.34 |
| 1003. Mortgage insurance | | months @ | $0.00 | per month | $0.00 |
| 1004. City Property Taxes | 4 | months @ | $290.12 | per month | $1,160.48 |
| 1005. County Property Taxes | 11 | months @ | $95.91 | per month | $1,055.01 |
| 1006. School Property Taxes | | months @ | | per month | $0.00 |
| 1007. Village Property Taxes | | months @ | $0.00 | per month | $0.00 |
| 1008. Association Dues | | months @ | | per month | $0.00 |
| 1009. Other Taxes | 0 | months @ | | | |
| 1010. Other Taxes | 0 | months @ | | | |
| 1011. Aggregate Adjustment | | | | | $-866.81 |

| 1100. Title Charges | | | | | |
|---|---|---|---|---|---|
| 1101. Title services and lender's title insurance | to | Capital Title - 51 | | (from GFE #4) | $1,089.50 |
| 1102. Settlement or closing fee | to | Capital Title - 51 | $550.00 | | |
| 1103. Owner's title insurance | to | Capital Title - 51 | | (from GFE #5) | $1,085.00 |
| 1104. Lender's title insurance | to | Capital Title - 51 | $539.50 | | |
| 1105. Lender's title policy limit $ | | $217,076.00/$539.50 | | | |
| 1106. Owner's title policy limit $ | | $220,000.00/$1,085.00 | | | |
| 1107. Agent's portion of the total title insurance premium | to | Capital Title - 51 | $1,413.31 | | |
| 1108. Underwriter's portion of the total title insurance premium | to | Stewart Agency Services | $211.19 | | |
| 1109. Overnight Fee(s) Mortgage Payoff(s) | to | Capital Title - 51 | | | |

| 1200. Government Recording and Transfer Charges | | | | | |
|---|---|---|---|---|---|
| 1201. Government recording charges | | | | (from GFE #7) | $50.00 |
| 1202. Deed , Mortgage , Release $0.00 | | to Register of Deeds | | | |
| 1203. Transfer taxes | | | | (from GFE #8) | |
| 1204. City/County tax/stamps | Deed $242.00 ; Mortgage $0.00 | to Register of Deeds | | | $242.00 |
| 1205. State tax/stamps | Deed $1,650.00 ; Mortgage $0.00 | to Register of Deeds | | | $1,650.00 |
| 1206. Tax Certification | to | County Treasurer | $1.00 (from GFE #7) | | |
| 1207. Record Deed | to | Register of Deeds | $14.00 (from GFE #7) | | |
| 1208. Record 8 page Mortgage | to | Register of Deeds | $35.00 (from GFE #7) | | |

| 1300. Additional Settlement Charges | | | | | |
|---|---|---|---|---|---|
| 1301. Required services you can shop for | | | | (from GFE #6) | |

| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | | | $11,509.37 | $14,291.00 |
|---|---|---|---|---|---|

POC (B) – Paid Outside of Closing by Borrower.  POC (S) – Paid Outside of Closing by Seller.  POC (L)  Paid Outside of Closing by Lender.

| | |
|---|---|
| Our origination charge | # 801 |
| Your credit or charge (points) for the specific rate chosen | # 802 |
| Your adjusted origination charges | # 803 |
| Transfer taxes | # 1203 |

| | |
|---|---|
| $1,899.00 | $1,899.00 |
| $0.00 | $0.00 |
| $1,899.00 | $1,899.00 |
| $0.00 | $0.00 |

| | |
|---|---|
| Government recording charges | # 1201 |
| Appraisal Fee | # 804 |
| Credit report: CTI/JAMCO | # 805 |
| Flood certification | # 807 |
| Mortgage Insurance Premium | # 902 |
| Title services and lender's title insurance | # 1101 |
| Owner's title insurance | # 1103 |

| | |
|---|---|
| $70.00 | $50.00 |
| $385.00 | $385.00 |
| $13.50 | $13.50 |
| $14.00 | $14.00 |
| $4,776.75 | $4,776.75 |
| $1,085.00 | $1,089.50 |
| $1,100.00 | $1,085.00 |

| Total | |
|---|---|
| | $7,444.25 |
| Increase between GFE and HUD-1 Charges | $-30.50   or   -0.41% |

| | |
|---|---|
| Initial deposit for your escrow account | # 1001 |
| Daily interest charges | # 901 $1676/day |
| Homeowner's insurance | # 903 |

| | |
|---|---|
| $1,462.94 | $1,730.02 |
| $26.76 | $267.60 |
| $800.00 | $2,288.00 |

## Loan Terms

| | |
|---|---|
| | $217,076.00 |
| | 30 years |
| | 4.5% |
| | $1,196.49 includes<br>☒ Principal<br>☒ Interest<br>☒ Mortgage Insurance |
| Can your interest rate rise? | ☒ No. ☐ Yes, it can rise to a maximum of 0%. The first change will be on and can change again every   after . Every change date, your interest rate can increase or decrease by 0%. Over the life of the loan, your interest rate is guaranteed to never be lower than 0% or higher than 0%. |
| Even if you make payments on time, can your loan balance rise? | ☒ No. ☐ Yes, it can rise to a maximum of $0.00 |
| Even if you make payments on time, can your monthly amount owed for principal, interest, and mortgage insurance rise? | ☒ No. ☐ Yes, the first increase can be on   and the monthly amount owed can rise to $0.00 The maximum it can ever rise to is $0.00 |
| Does your loan have a prepayment penalty? | ☒ No ☐ Yes, your maximum prepayment penalty is $0.00 |
| Does your loan have a balloon payment? | ☒ No ☐ Yes, you have a balloon payment of $0.00 due in 0 years on |
| Total monthly amount owed including escrow account payments | ☐ You do not have a monthly escrow payment for items such as property taxes and homeowner's insurance. You must pay these items directly yourself.<br>☒ You have an additional monthly escrow payment of $576.70 that results in a total initial monthly amount owed of $1,773.19. This includes principal, interest, any mortgage insurance and any items checked below:<br>☒ Property taxes     ☒ Homeowner's Insurance<br>☐ Flood insurance     ☐<br>☐ |

Note: If you have any questions about the Settlement Charges and Loan Terms listed on this form, please contact your lender.

# EXHIBIT D

(Page 1 of 1)

OAKLAND COUNTY TREASURERS CERTIFICATE
I HEREBY CERTIFY that there are no TAX LIENS or TITLES held by the state or any individual against the within description and all TAXES on same are paid for five years previous to the date of this instrument as appears by the records in the office except as stated.

DEC 02 2009

ANDREW E. MEISNER, County Treasurer
Sec. 135, Act 206, 1893 as amended

1.00

015137

LIBER 41663 PAGE 654

208690
LIBER 41663 PAGE   654
$10.00 DEED - COMBINED
$4.00 REMONUMENTATION
$1,892.00 TRANSFER TX COMBINED
12/02/2009 03:04:50 P.M.  RECEIPT# 95915

PAID   RECORDED - OAKLAND COUNTY
RUTH JOHNSON, CLERK/REGISTER OF DEEDS

## WARRANTY DEED - (INDIVIDUAL)

| Deal No: 11-01716965 | Title No: 11-03322295 | Closing No: 11-03322296 | Recording No: 34.50853 |

Know all persons by these presents; that MICHAEL P. JENNINGS and JENNIFER F. JENNINGS , husband and wife whose address is 2380 BEVIN COURT COMMERCE TOWNSHIP, MI 48382 convey(s) and warrant(s) to NEBOJSA STOJKOVIC , a single man   whose address is  411 BOARDWALK WALLED LAKE, MI 48390 the following described premises:

Land in the Township of  Commerce  and the County of  Oakland,  State of  Michigan, more particularly described as:

UNIT 11, CHARMS POINTE CONDOMINIUM, A CONDOMINIUM ACCORDING TO THE MASTER DEED RECORDED IN LIBER 14136 ON PAGES 5 THROUGH 79, INCLUSIVE, AND ANY AMENDMENTS THERETO, OAKLAND COUNTY RECORDS, AND DESIGNATED AS OAKLAND COUNTY CONDOMINIUM SUBDIVISION PLAN NO. 834, TOGETHER WITH RIGHTS IN COMMON ELEMENTS AND LIMITED COMMON ELEMENTS AS SET FORTH IN THE ABOVE MASTER DEED AND AS DESCRIBED IN ACT 59 OF THE PUBLIC ACTS OF 1978, AS AMENDED.

9000834

Commonly described as: 2380 Bevin Court, Commerce Township, MI 48382
Property ID No.      17-19-300-082

for the full consideration of  TWO HUNDRED TWENTY - THOUSAND AND NO/100 DOLLARS  ($220,000.00),  subject to existing building and use restrictions, easements and zoning ordinances of record, if any.

Dated: October 28, 2009

MICHAEL P. JENNINGS

JENNIFER F. JENNINGS

STATE OF   MICHIGAN            )
                                              ) ss.
COUNTY OF Wayne               )

On  October 28, 2009, before me personally appeared MICHAEL P. JENNINGS and JENNIFER F. JENNINGS , husband and wife to me known to be the person(s) described in and who executed the foregoing instrument and acknowledged that THEY executed the same as  THEIR  free act and deed.

Cynthia K. Peterson
My commission expires: March 27, 2014.
State: MI            County: Oakland
MICHIGAN

CYNTHIA K. PETERSON
Notary Public, State of Michigan
County of Oakland
My Commission Expires Mar. 27, 2014
Acting in the County of Wayne

Instrument drafted by:
MICHAEL P. JENNINGS
2380 BEVIN COURT
COMMERCE TOWNSHIP, MI 48382

When recorded return to:
TITLE SOURCE, INC. - Recording Dept.
1450 W. LONG LAKE ROAD, SUITE 400
TROY, MICHIGAN  48098

Recording Fees:      $15.00            County Tax:          $242.00            State Transfer Tax:      $1,650.00

STATE OF MICHIGAN
REAL ESTATE TRANSFER TAX
OAKLAND
12/02/2009
95915
$242.00  CO
$1,650.00  ST
584199

O.K. - L.G.

# EXHIBIT E

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

| | |
|---|---|
| **BRAD J. BUSHMAN** *et al.*,<br>on their own behalf and on behalf of all<br>others similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>**R. KEVIN CLINTON, STATE<br>TREASURER, THE STATE OF<br>MICHIGAN, DEPARTMENT OF<br>TREASURY**, in his official capacity,<br>**COMMONWEALTH LAND TITLE<br>INSURANCE COMPANY**, *et al.*,<br><br>      Defendants. | No. _____ |

**IMPORTANT NOTICE OF CLASS ACTION**

**PLEASE READ THIS NOTICE CAREFULLY**
**IT MAY AFFECT YOUR RIGHTS**

> **This Notice Contains Important Information For You If:**
>
> **(1)** You owned and occupied real property in Michigan as your Principal Residence and claimed the Homestead Exemption/Principal Residence Exemption codified at MCL 211.7cc, and
>
> **(2)** You sold or conveyed ownership of your Principal Residence by written instrument at a time when the state equalized valuation of that property was equal to or lesser than the state equalized valuation on the date of your purchase of your Principal Residence, and
>
> **(3)** You were assessed and paid state real estate transfer taxes in connection with the conveyance of such Principal Residence.

**A.**    <u>Nature of this Lawsuit</u>

On November ___, 2013, Plaintiffs Brad J. Bushman, Tamara R. Stafford, Ryan Walsh, Sarah Walsh, Toby Jacoboni, Michael P. Jennings and Jennifer F. Jennings filed a class-action lawsuit in the Circuit Court of Washtenaw County on behalf of all Michigan property owners or former property owners who were improperly assessed and made to pay real estate transfer taxes despite being exempt from any such transfer tax obligation

under MCL 207.526(u). The Defendants in the lawsuit are Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, First American Title Insurance Company, Investors Title Insurance Company, North American Title Insurance Company, Old Republic National Title Insurance Company, Stewart Title Guaranty Company, Title Source, Inc., WFG National Title Insurance Company, American Title Company Of Washtenaw, Attorneys Title Agency, LLC, Capital Title Insurance Agency, First Security Title, Inc., Michigan Title Insurance Agency and Minnesota Title Agency (the "Private Party Defendants") and the State of Michigan. The named plaintiffs seek to recover, for themselves and all others similarly situated, all taxes improperly assessed, collected and/or paid, together with all other recoverable damages resulting from the improper imposition and collection of taxes.

The lawsuit is entitled **Bushman _et al._ v. R. Kevin Clinton, Treasurer of the State of Michigan, _et al._,** Case No. _____, in the Circuit Court of Washtenaw County, Michigan.

The Circuit Court of Washtenaw County has certified this lawsuit as a plaintiff class action on behalf of all persons (the "Class") who meet the following Class Definition:

> Michigan property owners or former property owners who (i) owned and occupied real property as their principal residence, as to which they claimed the Homestead Exemption/Principal Residence Exemption codified at MCL 211.7cc, and who (ii) conveyed ownership of such Principal Residence by written instrument at a time when the state equalized valuation of that property was equal to or lesser than the state equalized valuation on the date of their purchase or acquisition of that same interest in property, and who (iii) were assessed and/or charged, and paid, state real estate transfer taxes in connection with the conveyance of such Principal Residence, contrary to the exemption from state real estate transfer tax liability provided by MCL 207.526(u) (the "Class Definition").

If you are a member of the Class, the Court's decision in this case may affect your rights.

**B.**     **Requested Relief**

The named plaintiffs are asking the Court to find that the state real estate transfer taxes charged to, and paid by, members of the Class were charged and withheld improperly and should be returned to the members of the Class. The named plaintiffs are asking the Court to find that the State of Michigan received, and has held, such state real estate transfer taxes as a constructive trustee of the members of the Class, and should be directed to return those payments to the members of the Class. The named plaintiffs are also asking the Court to find that the Private Party Defendants (the title companies and closing companies) violated various legal duties to the members of the Class and should be held liable for all resulting damages.

**C.**     **Your Rights and Choices**

      This Notice tells you about your right to intervene in this case, submit comments, and how to contact plaintiffs' class counsel.  You do not have to intervene or take any action in response to this Notice in order to be included in the class or affected by the outcome of the case.

    1.     If you fit within the Class Definition identified above, you are a member of the Class and you are automatically included in the Class.  You have a right to be a part of the Class, and you also have a right to be excluded from the Class.

    2.     If you wish to be a part of the Class, you do not need to do anything.

    3.     If you do not wish to be included in the Class Action, you must sign and file the enclosed Exclusion Request with the Court by no later than _____.  If you exclude yourself from the class: (i) You will not share in any recovery that might be paid to claimants as a result of any settlement of this lawsuit; (ii) you will not be bound by any decision in this lawsuit; and (iii) you may pursue any claims you have against the defendants by filing your own lawsuit.

    4.     You may have the right to intervene in the lawsuit as a named plaintiff.  If you want to intervene, you should contact class counsel listed below by _____, 2014.

**D.**     **Your Obligations as a Class Member**

    1.     If you remain a member of the Class (that is, if you do not elect to exclude yourself from the Class), your rights against these defendants for the claims asserted will be determined in this lawsuit.  You may be entitled to share in any recovery made in the Class Action, whether by settlement or judgment, subject to deductions for costs, expenses, and attorneys' fees as approved by the Court, to be paid out of compensatory and other damages obtained by Class members.

    2.     If you remain a member of the Class (that is, if you do not elect to exclude yourself from the Class), you will be bound by any judgment therein, whether favorable or unfavorable.  If you choose NOT to be included in the Class Action, you will NOT be bound by any decisions or judgments therein, and you will NOT be entitled to share in the proceeds or other relief of any settlement or judgment therein obtained.

    3.     The costs and expenses of the litigation will be borne by the Class as a whole.  These costs and expenses will be advanced by the attorneys representing the Class, who will request reimbursement for these costs and expenses from any settlement or judgment obtained.  The amount of costs and expenses and any attorneys' fees paid to

the attorneys representing the Class will be determined by the Court at the conclusion of the litigation, and will also be deducted from any settlement or judgment obtained. If no favorable settlement or judgment is obtained, the Class will not be obligated to pay any attorneys' fees or expenses.

### E. Counsel for the Class

The lawyers representing the class are:

| | |
|---|---|
| Randal L. Schmidt, Esquire (P65901)<br>Randal L. Schmidt, PLC<br>340 N. Main Street, Suite 309<br>Plymouth, MI 48170<br><br>Tel: 734-455-4560 | Scott M. Hare, Esquire (P52081)<br>Law Office of Scott M. Hare<br>1806 Frick Building<br>437 Grant Street<br>Pittsburgh, PA 15219<br><br>Tel: 412-338-8632 |

Your legal interests will be protected by these attorneys representing the Class, but you may, if you wish, hire your own attorney to represent you at your own expense.

Please do not telephone the Court or the Court Clerk's office for information about this case. If you have any questions regarding this case, or wish to obtain copies of the Class Action Complaint and other documents filed with the Court, please visit www.MichiganRealEstateTransferTaxLitigation.com or write to class counsel at the above addresses.

### *DO NOT CALL THE CLERK OF COURT FOR INFORMATION.*