UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAD BUSHMAN and TAMARA
STAFFORD, on their own behalf
and on behalf of all others
similarly situated,

        Plaintiffs,

                              CASE NO. 14-CV-10011
v.                            HONORABLE GEORGE CARAM STEEH

FIDELITY NATIONAL
TITLE INSURANCE, CO., et al,

        Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 57)**
**and GRANTING PLAINTIFFS' MOTION TO AMEND (Doc. 64)**

This proposed class action brought against twelve remaining defendants, comprised of five title insurance companies and seven title agencies (collectively "defendants")[1], seeks damages arising from the payment of real estate transfer taxes that allegedly were not owing. Now before the court is defendants' joint motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendants also seek to dismiss for lack of standing. In their response brief, plaintiffs seek leave to file a second amended complaint to cure the defects alleged; however, plaintiffs failed to attach a copy of the proposed second amended complaint to their brief. Oral argument was heard on August 20, 2014. For the reasons stated on the record and set forth below, defendants' motion to

---

[1] Plaintiffs also allege claims against John Doe defendants 1 through 100.

dismiss the amended complaint for lack of standing shall be granted, and plaintiffs' motion to file a second amended complaint shall be granted.

## I. Factual Background

Plaintiffs sold their Michigan homes between 2009 and 2012. Plaintiffs allege they incorrectly paid Michigan State real estate transfer taxes ("SRETT") in connection with those sales, although no such taxes were owed.[2] Michigan law specifically exempts from the transfer tax the sale of a primary residence whose state equalized value "SEV" at the time of sale is less than or equal to its value at the time of purchase. Mich. Comp. Laws § 207.526(u).[3] Plaintiffs allege that defendants are in the real property title insurance and closing business, and that they perform numerous underwriting and title agency functions, including, among other things, conducting the settlement and closing of real estate sales transactions. As part of these services, plaintiffs allege that defendants collect and disburse sales proceeds, and charged and collected from plaintiffs real estate transfer taxes.

Plaintiffs originally filed this suit in Wayne County Circuit Court against the title insurance companies and title agencies remaining here, as well against the Michigan Department of the Treasury ("Department").[4] On April 15, 2014, based, in part, on the

---

[2]SRETT must be paid by the seller at a rate of $3.75 per $500 of property, within 15 days of the sale. Mich. Comp. Laws § 207.525.

[3]Mich. Comp. Laws § 207.526(u) provides that transfers are exempt from the tax "if the state equalized valuation of that property is equal to or lesser than the state equalized valuation on the date of purchaser on the date of acquisition by the seller or transferor for that same interest in property."

[4]Plaintiffs' original complaint named the State Treasurer, the State of Michigan, and the Department. According to the stipulated order of remand, the caption in this

parties' stipulation, this court remanded the claims against the Department to Washtenaw County Circuit Court. (Doc. 50).

In their amended complaint, plaintiffs set forth eight counts: (I) declaratory judgment, (II) violations of the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws § 445.901 *et seq.,* (III) fraud, (IV) conversion, (V) breach of contract, (VI) breach of fiduciary duty, (VII) negligence, and (VIII) innocent misrepresentation. In their response brief, plaintiffs stipulate to dismiss their claims of declaratory judgment (Count I), conversion (Count IV), breach of fiduciary duty (Count VI), and negligence (Count VII). Thus, the only counts remaining are for violations of the MCPA (Count II), fraud (Count III), breach of contract (Count V), and innocent misrepresentation (Count VIII).

## II. Analysis

The first and threshold issue for the court to decide is whether plaintiffs have standing to bring this action. In order to prove standing, plaintiffs must show that they are the "proper part[ies] to invoke judicial resolution of the dispute." *Warth v. Seldin*, 422 U.S. 490, 518 (1975). Standing is a jurisdictional and prudential doctrine requiring that an actual case or controversy exist between the plaintiffs and defendants such that the court has the power to hear the suit. *Id.* at 498. Federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto," therefore, a plaintiff must possess both constitutional and statutory standing in order for a federal court to have jurisdiction over a matter. *Bender v. Williamsport Area Sch. Dist.*, 475

---

action was amended to omit the State Treasurer, The State of Michigan, and the Department, and stated that the action has been remanded as to the Department only. (Doc. 50). On May 3, 2014, plaintiffs filed an amended complaint here omitting claims against the State Treasurer, The State of Michigan, and the Department.

U.S. 534, 541 (1986).  "A plaintiff bears the burden of demonstrating standing and must plead its components with specificity." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999).  Defendants challenge whether plaintiffs are proper parties to seek an adjudication of the issues raised in the amended complaint as plaintiffs have not alleged that plaintiffs had a business relationship with any particular defendant. Moreover, plaintiffs have sued twelve remaining defendants although only eleven transactions are in dispute.

To satisfy Article III's standing requirement, plaintiffs must show (1) they have suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendants; and (3) it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Plaintiffs have failed to meet the second prong of the test as they have failed to connect their alleged payment of the SRETT to any particular defendant.  This defect is highlighted by the fact that plaintiffs seek recovery against more defendants than transactions involved, thus, it is clear that as to at least one of the defendants, no liability is even remotely possible.

Plaintiffs cannot avoid the standing requirement on the basis that they seek to proceed as a class.  The Sixth Circuit has squarely held that "[s]tanding is a prerequisite to bringing suit, and nothing in Fed. R. Civ. P. 23 alters this requirement." *Thompson v. Bd. of Educ. of Romeo Cmty. Sch.*, 709 F.2d 1200, 1204 (6th Cir. 1983).  "In a class action (or potential class action), the individual standing of each named plaintiff vis-a-vis each defendant is a threshold issue." *Mull v. Alliance Mortg. Banking Corp.*, 219 F. Supp. 2d 895, 908 (W.D. Tenn. 2002) (*citing Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998)).  Plaintiffs have failed to articulate which particular defendants allegedly

overcharged them for real estate transfer taxes, and plaintiffs admit as much in their response brief, but seek leave to amend to cure this deficiency. For the reasons stated on the record, plaintiffs' motion to amend (Doc. 64) is GRANTED and plaintiffs are ORDERED to file their second amended complaint on or before September 10, 2014.

Because plaintiffs have failed to show that they have standing vis-a-vis any of the defendants and for the reasons stated on the record, defendant's motion to dismiss the amended complaint for lack of standing (Doc. 57) is GRANTED.

IT IS FURTHER ORDERED that defendants' renewed motion to dismiss shall be filed on or before October 22, 2014, plaintiffs' response is due on or before October 22, 2014, and defendants' reply is due on or before November 5, 2014. Oral argument will be scheduled by separate order of the court.

**IT IS SO ORDERED**.

Dated: August 21, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 21, 2014, by electronic and/or ordinary mail and also on Scott M. Hare, 437 Grant Street, Suite 1806, Pittsburgh, PA 15219.

s/Barbara Radke
Deputy Clerk